## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| QUANSA THOMSPON <br> 13129 Larchdale Road <br> Laurel, Maryland, 20708 <br><br> *On Behalf of Herself and* <br> *All Others Similarly situated* <br><br> PLAINTIFF <br><br> v. <br> LINDA AND A., INC t/a/ <br> THE HOUSE <br> 3530 Georgia Ave. N.W. <br> Washington, D.C. 20010 <br> and <br><br> DARRELL ALLEN <br> 3530 Georgia Ave, N.W. <br> Washington, D.C. 20010 <br><br> DEFENDANTS. | Case No.: 09-1942 |

**FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Quansa Thompson ("Plaintiff") by and through her undersigned counsel, on behalf of herself and all others similarly situated, hereby complains against Defendants Linda and A., Inc. t/a/ The House ("House") and Darrell Allen ("Mr. Allen") (collectively "Defendants") to recover damages under the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq*. ("FLSA"); the D.C. Minimum Wage Act Revision Act of 1992, D.C. Code §§ 32-1001 *et seq*. ("DCMWA"), and the D.C. Wage Payment and Wage Collection Act, D.C. Code §§ 32-1301 *et seq.* ("DCWPA"), and for other damages as set forth below.

## PARTIES AND JURISDICTION

1. Plaintiff is an adult resident of the State of Maryland. Plaintiff's written consent to participate in this lawsuit is attached hereto as Exhibit 1.

2. House is a corporation formed under the laws of the District of Columbia with its principal place of business in the District of Columbia. House is in the business of operating a nightclub and bar featuring nude exotic dancers. Mr. Allen is, on information and belief, the principal owner and president of House. At all times Mr. Allen was Plaintiff's supervisor and determined Plaintiff's rate and method of pay. At all times relevant, Defendants were Plaintiff's "employers" for purposes of the FLSA, DCMWA, and DCWPA.

3. During Plaintiff's employment, House was engaged in commerce or in the production of goods for commerce within the meaning of § 3(s)(1) of the FLSA (29 U.S.C. § 203(s)(1)). At all times relevant, House qualified as an "enterprise" within the meaning of § 3(r) of the FLSA (29 U.S.C. § 203(r)). At all times relevant, Plaintiff was an individual employee engaged in commerce or the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

4. This Court has jurisdiction over Defendants pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b), and 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any act of Congress regulating commerce." Subject matter jurisdiction is invoked under 28 U.S.C. § 1331 (Federal Question). Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b).

## FACTS

5. Plaintiff was employed by Defendants from approximately April 2004

through September 26, 2009. At all times relevant, Plaintiff worked exclusively for Defendants as a full time employee and had no other employment. Plaintiff primary job duty was as an exotic dancer at House in Washington, D.C.

6. During her term of employment, Plaintiff was paid approximately $40 in cash per night for the nights that she danced. Plaintiff regularly worked ten (10) hour dance shifts per night, four (4) nights per week. While in Defendants employ, Plaintiff's regular rate of pay was approximately $4.00 per hour ($40 per day / 10hrs/night).

7. Plaintiff was an employee of Defendants and not an independent contractor.

8. Many times, Defendants took unexplained deductions from Plaintiff's wages. These included late fees, fines for calling in sick, and stage fees.

9. Defendants never provided Plaintiff with a paycheck. Defendants never indicated to Plaintiff what, if any, deductions were being made from her gross pay, and Defendants never maintained any time records.

10. Plaintiff is aware of other current and former employees of Defendants who are similarly situated in that they: (1) were employees, not independent contractors; (1) were not paid as prescribed by law; and (3) had their wages unlawfully withheld.

## CAUSES OF ACTION
### COUNT I
**Violation of Federal Fair Labor Standards Act**
**(Minimum Wage)**

11. Plaintiff realleges and reasserts each and every allegation set forth in Paragraphs 1-10 above, as if each were set forth herein.

12. Section 206(a)(1) of the FLSA provides that no employer shall employ

any employee for an hourly wage of less than the federal minimum wage, currently $7.25 per hour.  After July 24, 2008, the minimum wage was $6.55 per hour, and after July 24, 2007, the minimum wage was $5.85 per hour.

13.     Plaintiff was an "employee" covered by the FLSA, 29 U.S.C. § 206(a)(1), and Defendants were her "employers."  Defendants, as Plaintiff's employers, were obligated to compensate Plaintiff for all hours worked at not less than the federal minimum wage.

14.     At all times relevant, Plaintiff worked approximately ten (10) hours per day, for which she was paid $40.00 in cash per day.  Such payments equal an hourly wage of $4.00 per hour. At all times relevant, such an hourly rate falls below the applicable Federal Minimum Wage rate for hours worked each week upto, but not exceeding forty (40) hours.  Defendants have failed and refused to compensate Plaintiff (and others similarly situated) properly and as required by law for numerous hours worked.  This failure and refusal to pay compensation as required by the FLSA was willful and intentional, and not in good faith.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiff (and all others similarly situated who have joined in this suit) under Count I for unpaid minimum wages in such amounts to be proved at trial, plus an equal amount in liquidated damages, interest (both pre- and post-judgment), attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

### COUNT II
**Violation of D.C. Minimum Wage Act Revision Act of 1992**
**(Minimum Wage)**

15.     Plaintiff realleges and reasserts each and every allegation set forth in

Paragraphs 1-14 above, as if each were set forth herein.

16.     Plaintiff was an "employee," and Defendants were Plaintiff's "employers" within the meaning of the DCMWA, D.C. Code §§ 32-1001 *et seq*. Under the DCMWA, Defendants, as Plaintiffs' employers, were obligated to pay Plaintiff the minimum wage of at least $7.00 per hour after July 24, 2007, $7.55 per hour after July 24, 2008, and $8.25 starting July 24, 2009.

17.     Defendants paid Plaintiff at the rate of approximately $4.00 per hour for all hours worked. Defendants failed to pay Plaintiff the District of Columbia minimum wage for all hours worked. Defendants owe Plaintiff back wages for all hours worked under the DCMWA.

18.     Defendants' failure and refusal to pay wages due as required by the DCMWA was willful and intentional, was not the result of any *bona fide* dispute between Plaintiffs and Defendants, and was not in good faith.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiff (and all others similarly situated who have joined in this suit), under Count II, for all unpaid wages in such amounts to be proven at trial, plus liquidated damages in an equal amount, interest (both pre- and post-judgment), attorney's fees, costs, and any other and further relief this Court deems appropriate.

### COUNT III
### Violation of D.C. Wage Payment and Wage Collection Act

19.     Plaintiff realleges and reasserts each and every allegation set forth in Paragraphs 1-18 above, as if each were set forth herein.

20.     Plaintiff was an "employee," and Defendants were Plaintiff's "employers" within the meaning of the DCWPA, D.C. Code §§ 32-1301 *et seq*. Under the DCWPA,

Defendants, as Plaintiff's employers, were obligated to pay Plaintiffs wages for work performed.  Under the DCWPA § 32-1302, Defendants, as Plaintiff's employers, were obligated to pay Plaintiffs all wages due for work that Plaintiff performed.  "Wages" is defined under DCWPA § 32-1301(3) as, "monetary compensation after lawful deductions, owed by an employer for labor or services rendered…"

21.     Habitually, over the court of Plaintiff's employment, Defendants made deductions from Plaintiff's pay.  Such deductions included, but were not limited to, late fees, stage fees and illness fines.  These deductions made by Defendants were never authorized by Plaintiff.

22.     Defendants' taking of deductions from Plaintiff's pay resulted in a failure by Defendants to pay Plaintiff all wages due and promised for worked performed as required by the DCWPA.  Defendants' failure was willful and intentional, was not the result of any *bona fide* dispute between Plaintiff and Defendants, and was not in good faith.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiff (and all others similarly situated who have joined in this suit), under Count III, for all unpaid wages in such amounts to be proven at trial, plus liquidated damages in an equal amount, interest (both pre- and post-judgment), attorney's fees, costs, and any other and further relief this Court deems appropriate.

## COUNT IV
**Quantum Meruit**

23.     Plaintiff realleges and reasserts each and every allegation set forth in Paragraphs 1-22 as if each were set forth herein.

24.     Plaintiff and Defendants entered into an agreement whereby Defendants

promised they would compensate Plaintiff at the rate of $40.00 per day.

25. In reasonable reliance upon this agreement, Plaintiff performed in a workmanlike manner all job duties required by Defendants

26. Despite Plaintiff's performance of all job duties, Defendants have failed and refused to pay Plaintiff the promised $40.00 per day for all days worked.

27. Plaintiff has been damaged by Defendants failure to pay all wages promised for work performed.

WHEREFORE, Defendants are liable to Plaintiff under Count IV for damages in such amounts as are proven at trial, interest (both pre- and post-judgment), the cost of this action, and for any other and further relief this Court or a jury deems appropriate.

## **JURY DEMAND**

Plaintiffs demand a trial by jury on all issues so triable.

Respectfully submitted,

_____/s/_____
Philip B. Zipin, Bar No. 367362
Gregg C. Greenberg, Bar No. MD17291
The Zipin Law Firm, LLC
8403 Colesville Road, Suite 610
Silver Spring, Maryland 20910
Phone: 301-587-9373
Fax: 301-587-9397
Email:  pzipin@zipinlaw.com
           ggreenberg@zipinlaw.com

*Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 6th day of November, 2009, a true and correct copy of the foregoing First Amended Complaint was served by first-class mail, postage prepaid, on:

William J. Howard, Esquire
4316 Hamilton Street
Hyattsville, Maryland 20781

*Counsel for Defendants*

_____/s/_____
Gregg C. Greenberg