## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

<table>
<tr><td>

**QUANSA TOMPSON**, *et al.*,

    **Plaintiffs**

      **v.**

**HOUSE, INC.**, *et al.*,

    **Defendants.**

</td><td>

Civil Action No. 09-1942 (BAH/JMF)

</td></tr>
</table>

### MEMORANDUM OPINION

I herein resolve the parties' motions in limine.

I.    <u>Plaintiffs' Motions in Limine</u>

    A.    <u>The Relevance of Tip Income</u>

The purpose of the evidentiary hearing to be held before this Court is to determine how many hours plaintiffs[1] worked in order to calculate minimum wages owed. <u>Plaintiffs' Motions in Limine</u> [#39] at 1.  Plaintiffs have now moved to prohibit evidence of any kind of tip income received by plaintiffs as irrelevant because any evidence of tips or gratuities received from patrons at defendants' club cannot be used as an offset against minimum wages owed to plaintiffs by defendants. <u>Id.</u>

Defendants agree that tip income does not provide an offset against minimum wages due. <u>Opposition to Plaintiffs['] Motions in Limine</u> [#41] at 1.  Defendants argue, however, that the tip

---

[1] Plaintiffs are exotic dancers at a club owned and operated by defendants.  <u>See</u> Thompson v. Linda and A, Inc., 779 F. Supp. 2d 139, 141 (D.D.C. 2011).

income is relevant because plaintiffs' receiving tip income and not reporting it as income on their tax returns bears on their credibility.  Additionally, according to defendants, plaintiffs' receipt of large amounts of tip income would establish that defendants not paying them minimum wage was done in good faith because defendants were aware that plaintiffs were receiving tips that were apparently greater than the minimum wage.

First, while not paying one's taxes might qualify as a prior bad act, defendants are bound by plaintiffs' answers and their not reporting their tips as income may not be proved by extrinsic evidence. Fed. R. Evid 608(b).  Thus, proof of their tip income from some source other than their own testimony is inadmissible.

Second, each plaintiff would have an absolute right at the hearing not to answer whether she received and reported tip income because the answer might tend to incriminate her.  See Hoffman v. U.S., 341 U.S. 479, 486 (1951) (testimony is self-incriminating if reasonable cause exists to believe that the testimony would either support a conviction or provide a link in the chain of evidence leading to conviction).  Thus, defendants may ask the question but plaintiffs may each decline to answer it and defendants can ask me to draw any inference from plaintiffs' assertion of their Fifth Amendment right that they see fit.  See, e.g., United States v. Baxter, 233 F.3d 6, 15 (1st Cir. 2000); David M. Greenwald, Edward F. Malone & Robert R. Stauffer, 1 TESTIMONIAL PRIVILEGES, § 4:40 at 4-113 (2005) ("A negative inference may be drawn when a civil defendant invokes the privilege, and the plaintiff may argue the significance of the defendant's reliance on the privilege to the fact-finder.").  Thus, I will permit the defendants to ask each plaintiff the compound question:  "Did you receive tip income and did you report it to the Internal Revenue Service?"  If the plaintiff invokes the privilege against self-incrimination,

there the matter shall end with defendants reserving the right to ask me to draw whatever inference they see fit from that invocation of the privilege.

Finally, irrespective of plaintiffs' invocation of the privilege, defendants remain free to testify why they believed that the plaintiffs received tip income and how that bears on their good faith as a defense to plaintiffs' claims under the Federal Labor Standards Act.  Whether that knowledge establishes good faith remains to be seen.  See Kinney v. Dist. of Columbia, 994 F.2d 6, 12-13 (D.C. Cir 1993).  Plaintiffs' motion in limine as to the preclusion of testimony regarding tip income will therefore be denied.

B.      The Admissibility of Exhibit 7

On February 11, 2010, plaintiffs propounded a request to produce documents that demanded "[a]ll documents that identify, describe, or refer to the manner and amounts which **Plaintiff** was compensated by Defendant for each week from October 1, 2006 to the present . . ." [#39] at 2 (quoting [#39-1] at 2) (emphasis in original).

This Court's order of June 3, 2010, required defendants to respond to plaintiffs' written discovery by June 17, 2010, and warned that the failure to comply with that deadline would result in the imposition of sanctions. Revised Scheduling Order [#17] at 1.  The same order required that all discovery be completed by  October 5, 2010. Id.

On June 15, 2010, defendants produced certain documents, including sign-in logs, but did not include any slips or receipts purporting to show pay by defendants to plaintiffs. [#39] at 2. On August 8, 2011, over one year later, defendants produced documents that they claimed were receipts for pay to plaintiffs. Id.  On November 2, 2011, defendants produced  a second group of these documents. Id.  Plaintiffs complain, however, that these purported "pay slips" are hard to

read, undated, and have never been authenticated. Id. at 4.  Obviously, neither plaintiffs nor

defendants were confronted with these documents during their depositions.  Nevertheless,

defendants now intend to offer these documents into evidence as Exhibit 7.

Defendants' late production of these documents offended this Court's orders that

defendants respond to plaintiffs' written discovery by June 17, 2010, and that all discovery be

completed by October 5, 2010.  It is the law of this Circuit that a party who seeks to comply

belatedly with a court order that requires a party to perform an act by a certain time must move

the court for leave to comply out of time by a motion filed pursuant to Rule 6(b) of the Federal

Rules of Civil Procedure.  The motion must establish excusable neglect for the failure to comply

with the Court's deadline. Smith v. District of Columbia, 430 F.3d 450, 456-57 (D.C. Cir. 2005).

To permit the defendants to offer the asserted pay slips into evidence now would be an abuse of

discretion since they never moved for leave to extend the time within which to comply with the

orders that required written responses to plaintiffs' written discovery by June 17, 2010 and that

required discovery to be completed by October 5, 2010. Id.  Plaintiffs' motion in limine as to the

preclusion of Exhibit 7 will therefore be granted.

II.      Defendants' Motion in Limine

At her deposition, one of the plaintiffs, Quansa Thompson, testified that she took

whatever documents she had and used them to prepare a spreadsheet that defendants characterize

as "memorializing the days allegedly worked, the gross income received, payments made and

hand written entries who's [sic] information content can not be categorized." Defendants'

Motion in Limine [#40] at 7-8.  Plaintiffs will now offer the spreadsheet into evidence but

defendants, relying on Rules 1002-1004 of the Federal Rules of Evidence, protest that the

4

spreadsheet is not admissible because Ms. Thompson did not keep the documents from which she prepared the spreadsheet. Id.

Defendants' reliance on those rules is obviously misplaced. The requirement of an original, the so-called "best evidence" rule, applies when a party is attempting "[t]o prove the content of a writing." Fed. R. Evid. 1002. Plaintiff Thompson seeks to prove the content of the spreadsheet, not the content of the documents upon which it was based. Hence, Rule 1002 is inapplicable. Furthermore, the printout of the spreadsheet is made an original that satisfies Rule 1002 by Rule 1001, which provides that "[i]f data are stored in a computer . . . any printout . . . shown to reflect the data accurately, is an 'original'." Fed. R. Evid. 1001(3). Thus, the printout is unquestionably admissible.[2]

Defendants can, of course, try to convince me that the spreadsheet is inaccurate and urge that Ms. Thompson's not keeping the data from which she derived the values in the spreadsheet bears on its accuracy and the weight I should give it. While that may be so, her not keeping the data does not render the speadsheet any less an original that is admissible into evidence under Rule 1002. Defendant's motion in limine will therefore be denied.

An Order accompanies this Memorandum Opinion.

_____
JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE

---

[2] As plaintiffs concede the point, I will disregard any handwritten notations on the spreadsheet that Ms. Thompson does not testify are hers. See [#43] at 4.